Hon. Geo. H. Sheppard, page 12

"6. The assessors of taxes shall furnish said board on the first Monday in May of each year, or as soon thereafter as practicable, a certified list of names of all persons who either refuse to swear or to qualify or to have signed the oath required by law, together with the assessment of said person's property made by him through other information; and said board shall examine, equalize and correct assessments so made by the assessor, and when so revised, equalized and corrected, the same shall be approved."

Article 7211 of V. A. C. S. of Texas is as follows:

"Hereafter when any person, firm or corporation renders his, their or its property in this State for taxation to any tax assessor, and makes oath as to the kind, character, quality and quantity of such property, and the said officer accepting said rendition from such person, firm or corporation of such property is satisfied that it is correctly and properly valued according to the reasonable cash market value of such property on the market at the time of its rendition, he shall list the same accordingly; but, if the assessor is satisfied that the value is below the reasonable cash market value of such property, he shall at once place on said rendition opposite each piece of property so rendered an amount equal to the reasonable cash market value of such property at the time of its rendition, and if such property shall be found to have no market value by such officer, then at such sum as said officer shall deem the real or intrinsic value of the property; and if the person listing such property or the owner thereof is not satisfied with the value placed on the property by the assessor, he shall so notify the assessor, and if desiring so to do make oath before the assessor that the valuation so fixed by said officer on said property is excessive; such officer to furnish such rendition, together with his valuation thereon and the oath of such person, firm or officer of any corporation, if any such oath has been made, to the commissioners' court of the county in which said rendition was made, which court shall hear evidence and determine the true value of such property on January First, 19____ (here give year for which assessment is made) as is herein provided; such officer or court shall take into consideration what said property could have been sold for any time within six months next before the first day of January of the year for which the property is rendered."

Article 7212 of V. A. C. S. of Texas declares:

"The boards of equalization shall have power, and it is made their official duty, to supervise the assessment of their respective counties, and, if satisfied that the valuation of any property is not in accordance with the laws of the State, to increase or diminish the same and to affix a proper valuation thereto, as provided for in the preceding article; and, when any assessor in this State shall have furnished said court with the rendition as provided for in the preceding article, it shall be the duty of such court to call before it such persons as in its judgment may know the market value or true value of such property, as the case may be, by proper process, who shall testify under oath the character, quality and quantity of such property, as well as the value thereof. Said court, after hearing the evidence, shall fix the value of such property in accordance with the evidence so introduced and as provided for in the preceding article; and their action in such case or cases shall be final."

Article 7215 of V. A. C. S. of Texas prescribes the oath which the members of the commissioners court must take when that court convenes as a board of equalization, and is as follows:

"When a commissioners court convenes as a board of equalization, before considering the subject of equalization of property values for the purposes of taxation, each member of the court, including the county judge, shall take and subscribe to the following oath: 'I, _____, a member of the board of equalization of _____ County, for the year A. D. ____, hereby solemnly swear that, in the performance of my duties as a member of such board for said year, I will not vote to allow any taxable property to stand assessed on the tax rolls of said county for said year at any sum which I believe to be less than its true market value, or, if it has no market value, then its real value; that I will faithfully endeavor and as a member of said board will move to have each item of taxable property which I believe to be assessed for said year at less than its true market value, or real value, raised on the tax rolls to what I believe to be its true cash market value, if it has a market value, and if not, then to its real value; and that I will faithfully endeavor to have the

Hon. Geo. H. Sheppard, page 14

assessed valuation of all property subject to taxation within said county stand upon the tax rolls of said county for said year at its true cash market value, or, if it has no market value, then its real value. I further solemnly swear that I have read and understand the provisions contained in the Constitution and laws of this State relative to the valuation of taxable property, and that I will faithfully perform all the duties required of me under the Constitution and laws of this State. So help me God.' Said oath shall be filed and recorded in the commissioners court record as a part of the proceedings of that term of court."

That the things and matters set forth in the preceding paragraphs, as required by law to be done by the tax assessor and collector when he is assessing taxes, are important is attested by the fact that in addition to the oath prescribed by the Constitution of Texas, the tax assessor and collector is required by Legislative Act (Article 7214, Vernon's Annotated Civil Statutes of Texas) to make the following oath respecting his actions in regard to said matters:

"Every tax assessor and deputy tax assessor in this State, in addition to the oath prescribed by the Constitution of this State shall, before entering upon the duties of his office, take and subscribe to the following oath; 'I, _____, tax assessor (or deputy tax assessor, as the case may be) in and for _____ County, Texas, do solemnly swear that I will personally view and inspect all the real estate and improvements thereon subject to taxation, lying in said county, that may be rendered to me for taxation by any corporation or individual, or by their agent or representative, as fully as may be practicable, and that I will, as fully as is practicable, view and inspect all other taxable property in said county rendered to me as aforesaid; that I will to the best of my ability make a true estimate of the cash value, the market value of such property, if such property has a market value, and if it has no market value, then the real value of all such property, both real and personal, on the first day of January next preceding; and that I

Hon. Geo. H. Sheppard, page 15

will make up and attach to each assessment sheet made up and sworn to by the said property owners, their agents or representatives, a true assessment and valuation of said property, together with a memoranda of all facts which I may learn bearing upon the value of said taxable property, and that I will make all possible inquiry relative to the true value of such property; and that I will attach said memoranda and statement of facts that I may ascertain as aforesaid to the said assessment sheets of the respective property owners. That I have read and understand the several provisions of the Constitution and laws of this State relative to the valuation of taxable property, and that I will faithfully do and perform every duty required of me as tax assessor (or deputy tax assessor), by the Constitution and laws of this State. So help me God.' This oath shall be administered by the county clerk and shall be in duplicate; the original shall be by the clerk filed and recorded in the records of the county, and the duplicate shall be retained by the assessor, or the deputy, as the case may be." (Art. 7214, Vernon's Ann. Civ. Stat. Texas)

Furthermore, as throwing additional light upon the duties of the tax assessor and collector, when he assesses property for taxation, we may refer to Article 7222 of Vernon's Annotated Civil Statutes of Texas, which provides:

"Art. 7222. The assessor of taxes shall, on or before the first day of August of each year for which the assessment is made, return his rolls or assessment books of the taxable property rendered to him or listed by him for that year, after they have been made in accordance with the provisions of this title (Title 122) to the county board of equalization, verified by his affidavit, substantially on the following form:

"The State of Texas,
_____County

"I, _____ assessor of _____ county, do solemnly swear that the rolls (or books) to which this is attached contain a correct and full list

of the real and personal property subject to taxation
in _____ county, so far as I have been
able to ascertain the same; that I have sworn every
person listing property to me in the county, or caused
the same to be done in manner and form as provided by
law, and that the assessed value set down in the proper
column opposite the several kinds and descriptions of
property is the true and correct valuation thereof as
ascertained by law, and the footings of the several
columns in said books and the tabular statement re-
turned is correct, as I verily believe."  (Parenthetical
interpolation and emphasis ours)

You are therefore advised that when an independent
school district avails itself of the services of the county
assessor and collector for the assessment and collection of
the school district's taxes, said officer in making the
assessments is governed by the provisions of law applicable
generally thereto; he does so under the obligation of his
several oaths which are prescribed by legislative enactment.
He is required by law to perform his official duties in full
accord with the constitutional and statutory provisions govern-
ing same.  The said oaths by which he is bound and which have
been set out in this opinion, do not set up one standard of
value to be followed by him in making his assessments for
school districts and another and different standard of value
to be set up by him in making his assessments for county and
State purposes.  The standard of value required in all assess-
ments made by him is identically the same.  This standard of
value is set out in the statutes of Texas, as heretofore
shown, and is not to be set up by the resolutions of the
trustees of an independent school district.  An independent
school district has no right to set up its own standard of
valuation in lieu of that set up by legislative act; it has
no right to substitute its judgment as to the value of the
property assessed for the judgment of the tax assessor who
is acting under the direction of general law and the sanction
of his oaths; it has no authority to require the assessor and
collector to disregard his oath, and  is wholly devoid of any
right to require the county assessor and collector to assess

Hon. Geo. H. Sheppard, page 17

taxes upon the property situated in the school district upon any different or greater value than is the value lawfully arrived at and used by him in assessing taxes for State and county purposes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

George P. Blackburn
Assistant

GPB:AMM

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED AUG 23, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS